UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADAM KILLICK,

    Plaintiff,

v.                                                    Case No. 5:22-cv-40-AW/MJF

FASIG BROOKS and CARRIE ROANE,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff Adam Killick has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On February 15, 2022, Killick initiated this action by filing a complaint and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. On April 4, 2022, after denying Killick's first motion for leave to proceed *in forma pauperis*, the undersigned granted Killick leave to file a second motion because of an alleged typographical error in his first motion. Docs. 6, 7.

A.    **Killick's Second Motion for Leave to Proceed Informa Pauperis**

On April 27, 2022, Killick filed his second motion for leave to proceed *in forma pauperis*. Doc. 9. In the motion, Killick stated that he received monthly

payments of approximately $1,263, and that he had $357 in "cash on hand." *Id.* at 4. He also reported that his monthly expenses were approximately $850. *Id.*

**B.     The Undersigned's Order of April 28, 2022**

On April 28, 2022, because Killick clearly was able to pay the $402.00 fee, the undersigned denied his second motion and ordered him to pay the fee. Doc. 10. The undersigned imposed a deadline of May 19, 2022 to comply. The undersigned warned Killick that his failure to comply with the order likely would result in dismissal of this action for failure to pay the filing fee, failure to prosecute, and failure to comply with an order of the court. Killick did not comply with the order.

**C.     The Undersigned's Order of May 24, 2022**

On May 24, 2022, the undersigned ordered Killick to explain and show cause why he failed to comply with the undersigned's order of April 28, 2022. Doc. 11. The undersigned imposed a deadline of June 7, 2022 to comply. The undersigned again warned Killick that his failure to comply with the order likely would result in dismissal of this action for failure to pay the filing fee, failure to prosecute, and failure to comply with an order of the court.

**D.     Killick's Response to the Order of May 24, 2022**

On June 10, 2022, Killick responded to the undersigned's show-cause order issued on May 24, 2022. Doc. 12. The undersigned construed Killick's response as a motion to reconsider the order denying Killick leave to proceed *in forma pauperis*.

Attached to the motion was Killick's bank account statement, which showed that on June 8, 2022, Killick had in his account $909.26—*more than twice* the $402.00 fee. *Id.* at 2.

### E. The Undersigned's Order of June 13, 2022

On June 13, 2022, because Killick clearly had sufficient funds to pay the $402.00 fee and had had *more than fourth months* to save and accrue sufficient funds to pay the fee, the undersigned denied Killick's motion to reconsider and ordered him to pay the $402.00 fee or file a notice of dismissal. Doc. 13. The undersigned imposed a deadline of July 1, 2022 to comply. The undersigned again warned Killick—for a third time—that his failure to comply with the order likely would result in dismissal of this action for failure to pay the filing fee, failure to prosecute, and failure to comply with an order of the court. Killick did not comply with that order.

### F. Killick's Letter of June 16, 2022

On June 16, 2022, Killick filed a letter, which states: "In order to comply with order of this court [Killick] sta[t]es that he is unable to pay the $402 filing fee and understands the case will be dismissed." Doc. 16.

### G. The Undersigned's Order of June 27, 2022

On June 27, 2022, because Killick's letter was ambiguous regarding his intent to have his letter serve as a notice of voluntary dismissal, the undersigned ordered

Killick to pay the $402.00 fee or file a notice of voluntary dismissal. Doc. 17. The undersigned imposed a deadline of July 18, 2022 to comply. The undersigned again warned Killick—for a fourth time—that his failure to comply with the order likely would result in dismissal of this action for failure to pay the filing fee, failure to prosecute, and failure to comply with an order of the court. Killick did not comply with that order.

### H.     The Undersigned's Order of July 26, 2022

On July 26, 2022, the undersigned ordered Killick to explain and show cause for his failure to comply with the undersigned's order of June 27, 2022. Doc. 21. The undersigned imposed a deadline of August 25, 2022 to comply. The undersigned again warned Killick—for a fifth time—that his failure to comply with the order likely would result in dismissal of this action for failure to pay the filing fee, failure to prosecute, and failure to comply with an order of the court. As of the date of this report and recommendation, Killick has not complied with that order.

## II. DISCUSSION

A court may dismiss an action when a litigant fails to comply with a court order. *See Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River*

*Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

A court also may dismiss an action for failure to pay the filing fee. *Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders, failure to pay the filing fee, and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999).

On April 28, 2022, the undersigned ordered Killick to pay the $402.00 fee. Doc. 10. Killick has not paid the $402.00 fee despite having *over four months* and sufficient funds to do so. By not paying the fee, Killick has not prosecuted this action and has not complied with several of the undersigned's orders. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. Conclusion

Because Killick has failed to prosecute this action, has failed to pay the filing fee, and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.
2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>7th</u> day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**